UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

580 PARKSON ROAD, LLC,

    Plaintiff,

v.

WAIYAN VENTURES, LLC, et al.,

    Defendants.

3:10-cv-0096-LRH-VPC

ORDER

Before the court is plaintiff 580 Parkson Road, LLC's ("Parkson") motion for a deficiency judgment filed on December 16, 2010. Doc. #23.[1] Defendants did not file an opposition to the motion. *See* Doc. #24.

## I.    Facts and Background

In October 2007, defendants Waiyan Ventures, LLC ("Waiyan"); Rick S Louie ("Louie"); and Stephanie Chan ("Chan") (collectively "defendants") purchased real property located at 580 Parkson Road, Henderson, Nevada through a loan issued by non-party Standard Insurance Company ("Standard"), plaintiff Parkson's predecessor in interest. Defendants defaulted on the loan and the property was ultimately sold at a Trustee's sale for $2,016,000.00. *See* Doc. #23, Exhibit 1. At the time of the Trustee's sale, Parkson was the beneficiary of the deed of trust. *Id*.

---

[1] Refers to the court's docket number.

1  On January 19, 2010, Parkson filed a complaint against defendants in state court for a
2  deficiency judgment. *See* Doc. #1, Exhibit A. Defendants Louie and Chan removed the action to
3  federal court (Doc. #1) and filed an answer to the complaint (Doc. #9). Defendant Waiyan did not
4  answer the complaint and default was entered against Waiyan on June 7, 2010. Doc. #14.

5  After discovery concluded, Parkson filed the present motion for a deficiency judgment in
6  the amount of $1,725,485.19 pursuant to NRS 40.451, *et seq*. Doc. #23. Defendants Louie and
7  Chan did not file an opposition to the motion.

**II.  Discussion**

9  The court has reviewed the documents and pleadings on file in this matter and finds that
10 Parkson is entitled to a deficiency judgment in this action. Initially, the court notes that the failure
11 of an opposing party to file points and authorities in response to any motion shall constitute a
12 consent to the granting of the motion under LR 7-2(d).

13 Further, Parkson is entitled to a deficiency judgment as a matter of law. NRS 40.451, *et seq*.
14 governs the procedures for foreclosure sales and any award of a deficiency judgment. Pursuant to
15 NRS 40.455, the court shall award a deficiency judgment to a beneficiary of the deed of trust if it
16 appears that there is a deficiency of the proceeds of the sale and the balance remaining due to the
17 beneficiary. NRS 40.455(1). The award of a deficiency judgment is limited to "the amount which is
18 the difference between the amount for which the property was actually sold and the amount of the
19 indebtedness which was secured, with interest from the date of sale." NRS 40.459.

20 Here, the undisputed evidence establishes that the debt owed by defendants on the loan as
21 of the date of the Trustee's sale on October 29, 2009, was $3,508,115.10. *See* Doc. #23, Exhibit 1,
22 p.57. Subtracting the sale amount of the property, $2,016,000.00, that leaves a deficiency of
23 $1,492,115.10 from the amount owed on the loan. *Id*. Interest, fees and costs accruing through the
24 motion for deficiency judgment brings the total deficiency value to $1,725,485.19. Doc. #23.
25 Therefore, Parkson is entitled to a deficiency judgment against defendants in this action in the

amount of $1,725,485.19. Accordingly, the court shall grant Parkson's motion.

IT IS THEREFORE ORDERED that plaintiff's motion for a deficiency judgment (Doc. #23) is GRANTED.

IT IS FURTHER ORDERED that the clerk of court shall enter judgment in favor of plaintiff against defendants in the amount of $1,725,485.19.

IT IS SO ORDERED.

DATED this 5th day of March, 2011.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE